IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID INGRAHAM and PONDA INGRAHAM, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Plaintiffs, | Case No. 4:23-cv-00026 |
| v. | District Judge Ann Marie McIff Allen |
| FARM BUREAU PROPERTY & CASUALTY INSURANCE COMPANY, | Magistrate Judge Paul Kohler |
| Defendant. | |

This matter stems from an insurance dispute between Plaintiffs David and Ponda Ingraham and Defendant Farm Bureau Property & Casualty Insurance Company. Plaintiffs own a Utah property that includes a residence, a farm called Poor Man's Farm LLC, and a service station called Rabbitbrush Service and Storage ("Rabbitbrush").[1] In 2021, an individual named Justin Ekker sued Rabbitbrush, Poor Man's Farm, Plaintiff David Ingraham, and others in state court in connection with bodily injuries he suffered on the property.[2] Defendant denied coverage for the incident,[3] and the state court action resulted in a $750,000 default judgment.[4]

Plaintiffs subsequently filed this lawsuit and have moved for partial summary judgment, seeking a determination that Defendant had a duty to defend in the state court action and breached that duty.[5] For its part, Defendant has filed a cross-motion for summary judgment, asserting that it

---

[1] *See* ECF No. 35-2 at 3. Pinpoint citations to documents in the record refer to the electronic page numbers generated by CM/ECF. At times, the record also refers to Rabbitbrush as "Rabbitbrush Repair" and "Rabbitbrush Repair and Storage." *See, e.g., id.*
[2] *See* ECF No. 32-4 at 1–4.
[3] *See* ECF No. 32-3 at 1–3; ECF No. 32-5 at 1–4.
[4] ECF No. 32-6 at 1, 3.
[5] ECF No. 3 at 1; *see* ECF No. 32 at 14.

had no duty to defend the state court action.[6] This Court referred the motions to Magistrate Judge Paul Kohler, who issued a Report and Recommendation on January 2, 2025, stating that Plaintiffs' motion should be granted and Defendant's cross-motion should be denied.[7]

The Report and Recommendation notified the parties of their right to object within 14 days of service and stated that failure to object may constitute a waiver of objections upon subsequent review.[8] The 14-day deadline has lapsed, and no objections have been filed. Accordingly, the Court will adopt the Report and Recommendation because its analysis and conclusions are sound and no party has objected to it. Fed. R. Civ. P. 72(b), advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Based on the foregoing, the Court hereby ADOPTS the Report and Recommendation (ECF No. 46), GRANTS Plaintiffs' motion for partial summary judgment (ECF No. 32), and DENIES Defendant's cross-motion for summary judgment (ECF No. 36). Plaintiffs' request for a hearing (ECF No. 45) is DENIED AS MOOT.

DATED this 23rd day of January 2025.

BY THE COURT:

_____
Ann Marie McIff Allen
United States District Judge

---

[6] ECF No. 35 at 1–2; *see* ECF No. 36 at 1–2.
[7] ECF No. 43; ECF No. 46 at 1.
[8] ECF No. 46 at 12.